UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD J. KLEIN, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY DEMOPULOS, an individual, RAY ASPIRI, an individual, THOMAS CABLE, an individual, PETER DEMOPULOS, an individual, LEROY HOOD, an individual, DAVID MANN, an individual, JEAN-PHILIPPE TRIPET, an individual, and OMEROS CORPORATION, a Washington corporation, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL REQUESTED** |

As his Complaint, Plaintiff Richard J. Klein ("Klein") alleges as follows:

### I.   PARTIES

1.   Plaintiff Richard J. Klein ("Klein") is a resident of Seattle, Washington.

2.   Omeros Corporation ("Omeros") is a corporation organized and existing under the laws of the State of Washington, whose principal place of business is in Seattle, Washington.

COMPLAINT - 1
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

3.  Defendant Gregory Demopulos is a resident of the state of Washington and is the Chairman of the Board of Directors and Chief Executive Officer of Omeros Corporation.

4.  Defendants Ray Aspiri, Thomas Cable, Peter Demopulos, Leroy Hood, and David Mann are believed to be residents of the state of Washington and are members of Omeros' Board of Directors.

5.  Defendant Jean-Philippe Tripet is believed to be a resident of Switzerland and is a member of Omeros' Board of Directors.

## II.  JURISDICTION AND VENUE

6.  The Court has original jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. This action is authorized and instituted pursuant to The Federal False Claims Act, 31 U.S.C. §§ 3729-32.

7.  The Court has jurisdiction over Plaintiff's state law claims set forth in this complaint under 28 U.S.C. § 1367 pursuant to its supplemental jurisdiction to hear state related claims. The state claims alleged herein arose from a common nucleus of operative facts, are related to the federal claims such that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

8.  Venue in the Western District is proper pursuant to 28 U.S.C. § 1391 because all facts alleged herein took place in Seattle and the parties reside in Seattle.

## III.  FACTUAL BACKGROUND

9.  Plaintiff Richard J. Klein was employed by Defendant Omeros Corporation as its Chief Financial Officer and Treasurer from May 14, 2007 to January 29, 2009. As CFO and Treasurer, Klein reported directly to Defendant Gregory Demopulos and indirectly to the Audit Committee of the Board of Directors.

COMPLAINT - 2
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

10. At the outset of his employment, Klein entered into an Indemnification Agreement with Omeros whereby Omeros agreed to indemnify Klein for any "losses, claims, damages, costs, liabilities, expenses (including attorneys' fees), judgments" incurred by Klein in connection with "any actual, pending or threatened or completed action, suit, claim, investigation, hearing, proceeding or alternative dispute resolution mechanism, whether civil, criminal, administrative or investigative and whether formal or informal" which Klein was involved in by virtue of his position as Omeros' Chief Financial Officer.

11. From time to time during his employment with Omeros, Klein discovered problems and issues with Omeros' business, financial and accounting practices and procedures.

12. Klein tried to remedy these problems and issues but was met with resistance from Defendant Gregory Demopulos and other Omeros employees.

13. Some of the questionable practices involved Defendant Gregory Demopolus directly. For example, in 2007 Defendant Gregory Demopulos exercised stock options and attempted to avoid reporting the taxable income or paying the taxes resulting from the option exercise as required by Federal tax law. Klein discovered this and required Defendant Demopulos to report the taxable income to the IRS. Defendant Gregory Demopulos also tried to prevent the withholding of Federal taxes from a bonus award he received.

14. Defendant Gregory Demopulos failed to comply with internal accounting controls and was resistant to any attempts by Klein or others to implement such controls.

15. When Klein brought these and other incidents to Defendant Gregory Demopulos' attention and attempted to remedy them, Defendant Gregory Demopulos was upset with Klein and insisted that Klein stop creating problems.

COMPLAINT - 3
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

16.   Not surprisingly given Demopolus' treatment of Klein, Klein's stock options were valued at $1.75 per share while others, including Defendant Peter Demopulos, a member of the Omeros' Board of Directors and brother of Defendant Gregory Demopulos, had their options valued at $1.00 per share. The valuation discrepancy resulted in significant adverse tax consequences for Klein.

17.   In October and November 2008, Klein discovered a number of additional, more serious irregularities, including the following: (1) Defendant Gregory Demopulos refused to institute Klein's recommended Signatory Authority Policy which would require multiple officers to approve expenditures above a particular amount. As a result, Defendant Gregory Demopulos made large expenditures without approval or oversight; (2) In addition, Omeros' Controller submitted two year's worth of claimed business expenses – approximately $45,000 – at once with no prior warning. Klein was concerned that the Controller's unforeseen expense report submission would require the restatement of prior financial reports; (3) Klein also discovered that Omeros owed the Washington State Department of Revenue a significant amount of money and was over six months delinquent in making any payment on the debt. Klein attempted to discuss all of these issues with Defendant Gregory Demopulos but was rebuffed and told not to worry about them.

18.   Klein felt that these issues merited further attention and therefore made three separate reports to Omeros' Audit Committee of the Board of Directors in October and November 2008.

19.   In late November 2008, after Klein had made these three reports to the Audit Committee, Klein met with Defendant Gregory Demopulos for a regularly scheduled meeting to discuss pending financial matters. Defendant Gregory Demopulos was visibly upset with

COMPLAINT - 4
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Klein about the reports Klein made to the Audit Committee in October and November 2008. Toward the end of the meeting, Klein asked Defendant Gregory Demopulos what he could do differently in light of Defendant Gregory Demopulos' anger about Klein's reports to the Audit Committee. Defendant Gregory Demopulos responded by telling Klein that he "delegated too many tasks" and "needed to work on appearing more supportive of him (Demopulos) during company meetings." When Klein pressed Defendant Gregory Demopulos for specifics, Demopulos could provide none.

20. Prior to November 2008, Klein had made numerous written requests for feedback on his performance including a request for a formal performance review on his one year anniversary date in May 2008. Klein's requests were ignored by Defendant Gregory Demopulos, however the informal feedback he did get was positive. For example, Defendant Gregory Demopulos praised Klein's efforts at getting the S-1 SEC Registration Statement filed in January 2008, telling him "it is good to have you on board." In October 2008, shortly before Klein made the three initial reports to the Audit Committee, Defendant Gregory Demopulos praised Klein during a company-wide meeting, telling Omeros employees that Klein did an "outstanding" job closing a $20M financing deal. It was not until Defendant Gregory Demopulos became aware of Klein's reports to the Audit Committee that he began criticizing Klein's performance.

**Klein Reports Additional Misconduct and Defendants Retaliate Against Klein**

21. Defendant Omeros has been awarded millions of dollars of Federal research grants from the Department of Health and Human Services ("DHHS") and National Institute of Health ("NIH").

COMPLAINT - 5
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

22. On December 5, 2008, several Omeros employees told Klein that Defendant Gregory Demopulos and George Gaitanaris, Vice President of R&D, instructed them to falsely record time on an NIH grant even though they were not actually working on the grant project for the recorded period of time.

23. Klein discussed his discovery with several other employees, who confirmed that they were instructed by Omeros' senior management, including Defendant Gregory Demopulos and Mr. Gaitanaris, to falsely record their time to the NIH grant even though they were not working on the grant project for the recorded period of time.

24. On December 8, 2008, pursuant to the Omeros Whistleblower Policy that requires the reporting of fraud to the Audit Committee of the Board of Directors, Klein reported the fraudulent NIH timekeeping to the Audit Committee.

25. Within hours after Klein reported his concerns about the inappropriate timekeeping on the NIH grant to the Omeros Audit Committee, both Omeros' Vice President and General Counsel, Marcia Kelbon, and Defendant Gregory Demopulos separately confronted Klein in his office and began questioning him about his reports to the Audit Committee. Ms. Kelbon asked Klein whether he was the "whistleblower."

26. Both Ms. Kelbon and Defendant Gregory Demopulos subsequently became even more hostile toward Klein. Defendant Gregory Demopulos refused to meet with Klein unless Ms. Kelbon was present. Both treated Klein like he had done something wrong. Defendant Gregory Demopulos told Klein that he was very upset that Omeros had to spend the time and money to investigate Klein's findings.

COMPLAINT - 6
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

27. The Audit Committee of the Board of Directors retained outside legal counsel and launched an immediate investigation into Klein's discovery of fraudulent timekeeping on the NIH grant.

28. Klein also retained legal counsel and incurred significant legal fees as a result of his involvement in the Audit Committee's investigation.

29. On December 19, 2008, the Audit Committee issued its findings. The Audit Committee's investigation concluded and confirmed that Omeros' employees had in fact recorded time to the project financed by the NIH grant even though they were not working on the grant project for the recorded period of time.

30. During his tenure with Omeros and prior to his reports to the Audit Committee, Klein had made numerous written requests for a performance review from his direct supervisor Defendant Gregory Demopulos. His requests were ignored.

31. On January 6, 2009, during a meeting between Klein and Defendant Gregory Demopulos to discuss various finance issues, Defendant Gregory Demopulos was still very angry with Klein for making reports to the Audit Committee and abruptly began discussing Klein's job performance and threatened to fire him.

32. On January 9, 2009, Defendant Gregory Demopulos sent Klein an email regarding his concerns with Klein's performance. Many of the incidents referred to in the email occurred over a year prior.

33. On January 13, 2009, within approximately 30 days of Klein's Whistleblower Report made to the Audit Committee, Klein was further retaliated against by being placed on administrative leave and effectively terminated. Klein was escorted from the office, instructed to have no contact with anyone affiliated with Omeros, and removed from the corporate email

COMPLAINT - 7
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

network. Omeros and Defendant Gregory Demopulos had already made the decision to terminate Klein but knew any such termination was not supported by the facts and would be on shaky legal ground. As a result, once Klein was placed on administrative leave, Omeros conducted a forensic search of Klein's computer in an attempt to set him up and find any grounds on which to terminate him.

34.     Klein was subsequently formally terminated on January 29, 2009.

35.     After Klein was terminated, the Chairman of the Audit Committee of the Board of Directors informed Omeros that he was resigning his positions.

**Omeros Makes False and Defamatory Statements In S-1 Registration Statement**

36.     In preparation for its Initial Public Offering ("IPO"), Omeros filed its S-1 Registration Statement and Preliminary Prospectus with the SEC on or about September 16, 2009. Omeros' S-1 Registration Statement and Preliminary Prospectus is widely distributed and easily accessible by the general public. It contains false statements and omits critical facts about Klein's Whistleblower Report he made to the Audit Committee, the Audit Committee's findings from its investigation into the Whistleblower Report, and Klein's wrongful termination.

37.     Klein reported to the Audit Committee that Defendant Gregory Demopulos and Mr. Gaitanaris had instructed employees to falsely record their time to the NIH project while in fact they were not working on the grant project for the recorded period of time. Klein was subsequently informed by the Audit Committee and special outside counsel investigators that this report that he made to the Audit Committee was accurate.

38.     However, in its S-1 Registration Statement and Preliminary Prospectus, Omeros stated that Klein reported to the Audit Committee that "the Company had submitted grant

COMPLAINT - 8
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

reimbursement claims to the NIH for work that the company had not performed." This disclosure is false and misleading. The S-1 Registration Statement and Preliminary Prospectus goes on to state that the Audit Committee and special outside counsel investigation concluded that "the Company had not submitted claims to the NIH for work the Company had not performed." This is a false statement and omits critical facts which imply that Klein's report to the Audit Committee was unsubstantiated and false.

39. The S-1 Registration Statement and Preliminary Prospectus also states that "the Company terminated Mr. Klein's employment for reasons other than this incident." This is a highly defamatory statement and very damaging to Klein as it implies that Klein may have engaged in an unlawful or wrongful conduct.

40. The S-1 Registration Statement and Preliminary Prospectus also omits the fact that the Chairman of the Audit Committee resigned from the Board of Directors in March 2009 (following Klein's Whistleblower Report and termination).

41. Omeros negligently and with actual malice published false and misleading information to the public about Klein, damaging his professional reputation and ability to find new employment.

## IV. CLAIMS

### A. Violation of the Federal False Claims Act.

42. Klein incorporates and re-alleges paragraphs 1 through 41 above.

43. Through the acts described above, Defendants and their agents and employees knowingly presented and caused to be presented to the United States Government, false and fraudulent claims, records, and statements in order to obtain reimbursement for services that

COMPLAINT - 9
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

were supposed to be performed in connection with a National Institute of Health grant but were not actually performed on that project.

44. Through the acts described above and otherwise, Defendants and their agents and employees knowingly made, used, and/or caused to be made or used false records and statements in order to get such false and fraudulent services paid and approved by the United States Government.

45. The United States Government, The Department of Health and Human Services, The National Institute of Health, and their fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendants and their agents and employees, paid and continue to pay Defendants for services that would not be paid if the truth were known.

46. Klein became aware of Defendants' false and fraudulent claims and reported Defendants' activity to officers and directors of Omeros.

47. Defendants wrongfully terminated Klein's employment and subjected Klein to other adverse employment actions in retaliation for his reporting of Defendants' attempts to mislead or defraud the United States Government.

48. Defendants' actions constitute a violation of Section 3730 of the Federal False Claims Act.

**B.     Wrongful Discharge in Violation of Public Policy.**

49. Klein incorporates and re-alleges paragraphs 1 through 48 above.

50. Washington has a well-grounded public policy which protects employees from discharge in retaliation for protected activity.

COMPLAINT - 10
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

51. Klein engaged in protected activity when he reported his concerns to Omeros' Audit Committee regarding Omeros' recording of time under a NIH grant sponsored by the United States Federal Government.

52. Klein engaged in protected activity when he reported other serious accounting issues to Omeros' Audit Committee.

53. Klein's supervisor, Defendant Gregory Demopulos was aware of Klein's complaints to the Audit Committee.

54. Klein was terminated and suffered other adverse employment actions that altered the terms and conditions of his employment as a result of his complaints.

55. Defendants' actions are likely to deter protected activity.

56. Defendants' actions violated Washington's prohibition against discharge in violation of public policy.

57. Omeros and the members of Omeros' Board of Directors knew or should have known of the retaliation taken against Klein by Defendant Gregory Demopulos and other members of Omeros management. Omeros and the members of Omeros' Board of Directors failed to take any meaningful action to stop, prevent, or remedy the retaliatory actions taken against Klein. Omeros and the members of Omeros' Board of Directors are liable for the actions of their employees, particularly the unlawful actions of its supervisors and other management personnel.

58. Klein experienced substantial and enduring emotional distress and damage to his reputation as a direct result of Defendants' conduct. As a result of Defendants' actions, Klein has suffered mentally and emotionally and will continue to do so in the future.

COMPLAINT - 11
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### C. Breach of Promise of Specific Treatment in a Specific Situation or Promissory Estoppel.

59. Klein incorporates and re-alleges paragraphs 1 through 58 above.

60. Defendant Omeros has a Whistleblower Policy that was in effect during Klein's employment with Defendant Omeros.

61. Klein received a copy of the Whistleblower Policy and reviewed it during his employment with Omeros.

62. Defendant Omeros' Whistleblower Policy requires its employees to report any instances of "questionable accounting, internal controls auditing, or auditing matters, or the reporting of fraudulent financial information."

63. Klein complied with Defendant Omeros' Whistleblower Policy when he made the complaint to Defendant Omeros' Audit Committee regarding fraudulent time reporting practices on the NIH grant and other serious problems with Omeros' accounting practices.

64. Defendant Omeros' Whistleblower Policy states that it strictly prohibits retaliation "against any person who reports incidents of questionable accounting, internal controls auditing, or auditing matters, or the reporting of fraudulent financial information, based on the person's reasonable belief that such misconduct occurred."

65. Klein relied on the assurances in the Whistleblower Policy that he would not be retaliated against for reporting his concerns.

66. Omeros made promises of specific treatment in specific situations giving rise to a contractual relationship between Klein and Omeros.

67. Defendant Omeros breached the promises and its Whistleblower Policy when it terminated Klein and subjected him to other adverse employment actions in retaliation for the complaint he made pursuant to the policy.

COMPLAINT - 12
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

68. Defendant Omeros' conduct constitutes a breach of a promise of specific treatment in a specific situation and/or promissory estoppel.

**D.  Wrongful Withholding of Wages**

69. Klein incorporates and re-alleges paragraphs 1 through 68 above.

70. Defendant Omeros wrongfully terminated Klein.

71. Upon Defendant Omeros' termination of Klein, it ceased payment of wages to Klein. Because Klein was wrongfully terminated, he is owed wages from the time of his termination which have been wrongfully withheld by Defendant Omeros.

72. Defendant Omeros' actions constitute willful withholding of wages in violation of RCW 49.48.030 and RCW 49.52.050 and 070.

73. Defendant Gregory Demopulos is an officer of Defendant Omeros as those terms are used and defined at RCW 49.52. Defendant Gregory Demopulos acted willfully and with intent to deprive Klein of his compensation.

74. Defendants and each of them are liable to Klein for unpaid compensation pursuant to RCW 49.48, RCW 49.52, and otherwise by law.

75. Defendants and each of them are jointly and severally liable to Klein for punitive damages pursuant to RCW 49.52.070.

**E.  Breach of Indemnification Agreement**

76. Klein incorporates and realleges paragraphs 1 through 75 above.

77. Klein entered into a valid Indemnification Agreement with Defendant Omeros on September 12, 2007.

COMPLAINT - 13
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

78. Pursuant to the terms of that Agreement, Omeros agreed to reimburse Klein for all legal fees incurred in any proceeding he became involved in by virtue of his position as the Chief Financial Officer of Omeros.

79. The Audit Committee's investigation of Klein's December 8, 2008 complaint was a "proceeding" as that term is defined in the Indemnification Agreement.

80. Klein incurred legal fees in connection with the Audit Committee's investigation.

81. Omeros has refused to pay the legal fees Klein incurred in connection with the Audit Committee investigation.

82. Omeros' refusal constitutes a breach of the Indemnification Agreement.

**F.  Defamation**

83. Klein incorporates the allegations in paragraphs 1 through 82 above.

84. Omeros' statements and omissions in its S-1 Registration Statement and Preliminary Prospectus, including but not limited to those listed in paragraphs 38 through 40 of this Complaint, were false and misleading, were published and unprivileged, were made negligently and with actual malice, and caused damages to Klein.

85. As the direct and proximate result of Omeros' misconduct. Klein has suffered damages as more fully outlined below.

## V.  JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised in this complaint.

COMPLAINT - 14
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## VI.   DAMAGES

As a result of the wrongful, unlawful conduct of Defendants described in paragraphs 1 through 76 above, Richard J. Klein has suffered the following damages:

A. Lost pay, future wages and benefits (back pay and front pay);

B. Double damages for back pay for violation of the Federal False Claims Act and Washington wage statutes;

C. Damages for impaired future earning capacity and diminished professional reputation;

D. Damages for emotional distress, humiliation, personal indignity, embarrassment, anxiety and other forms of emotional and physical distress;

E. Economic loss damages;

F. Damages for value of lost stock options; and

G. Actual attorneys' fees and litigation expenses.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Richard J. Klein prays for relief as follows:

1. Judgment against the Defendants on each of the individual claims alleged by Plaintiff in this action for his claimed damages in an amount to be proven at trial;

2. Judgment against the Defendants, awarding Plaintiff his actual litigation expenses, including his reasonable attorneys' fees:

3. Judgment against the Defendants, awarding Plaintiff pre-judgment interest on his damages from the date of his wrongful termination to the date on which

COMPLAINT - 15
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

judgment is entered against the Defendants at the highest rate permitted by Washington law;

4. Judgment against the Defendants, awarding Plaintiff loss of future earnings and any additional "make whole" remedy for his impaired future earning capacity;

5. Judgment against Defendants for any and all adverse tax consequences associated with the damages and cost award, including but not limited to attorneys' fees;

6. For such other relief as the Court deems just and equitable.

DATED this 21st day of September, 2009.

    Davis Wright Tremaine LLP
    Attorneys for Plaintiff Richard J. Klein


By /s/Thomas A. Lemly
    Thomas Lemly, WSBA #05433
    Kathryn Rosen, WSBA #29465

COMPLAINT - 16
DWT 13376499v1 0089059-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700