THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. KLEIN, | Case No. C09-1342-JCC |
| Plaintiff, | ORDER |
| v. | |
| GREGORY DEMOPULOS, an individual, and OMEROS CORPORATION, a Washington Corporation, | |
| Defendants. | |

The Court is presented with a swarm of ten motions filed over a seventeen-day period, addressing matters ranging from discovery to summary judgment. (Dkt. Nos. 95, 101, 103, 110, 117, 133, 136, 137, 141 & 143.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby rules as follows.

I.   BACKGROUND

The facts of this case have been discussed at length in the Court's prior orders (Dkt. Nos. 14 & 43), and need not be repeated here.

ORDER
PAGE - 1

## II.   DISCUSSION

### A. Motion to Compel Production of Documents Withheld due to Privilege

The Ninth Circuit has recognized two distinct forms of waiver of attorney-client privilege. *Bittaker v. Woodford*, 331 F.3d 715, 718–720 (9th Cir. 2003). Implicit waiver occurs when a party places the nature of the attorney-client communications at issue. *Id.* at 718 (holding that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue in a claim involving ineffective assistance of counsel); *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 731 (8th Cir. 2002) (holding that a litigant waives the privilege by filing a lawsuit for indemnification seeking recovery for legal expenses thereby putting the work of its attorneys at issue). Explicit waiver occurs "when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Bittaker*, 331 F.3d at 719. In these circumstances, once documents have been turned over to another party voluntarily, the privilege is gone, and the litigant may not thereafter reassert it to block discovery of the information and related communications by his adversaries. *Id.* at 720. In this instance, Plaintiff waived neither form of privilege.

### 1. Implicit Waiver

Defendants' first argument involves implicit waiver: by bringing an indemnification claim for his attorney fees and by asserting an advice-of-counsel defense, Plaintiff placed his attorney communications directly at issue, and waived his privilege. (Mot. 8 (Dkt. No. 103).) In response, Plaintiff now withdraws his indemnification claim, and states that he will not assert an advice-of-counsel defense. (Resp. 5 (Dkt. No. 128).) The Ninth Circuit has held that such a withdrawal is a legitimate method of preserving privilege: "The holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Bittaker*, 331 F.3d at 721. Defendants' attempts to distinguish this precedent fail. Defendants argue that once a party waives privilege, it cannot

be reasserted. (Reply 2 (Dkt. No. 145).) As discussed above, however, this is only true for explicit waiver of privilege; implicit waivers can be abandoned and the corresponding privilege reasserted.

**2. Explicit Waiver**

Defendants' second argument is that by testifying about the substance of conversations with his attorneys, Plaintiff explicitly waived privilege as to the substance of those conversations. (Mot. 9 (Dkt. No. 103).) Plaintiff counters that he agreed to a limited waiver only to the extent necessary to prove the reasonableness of the fees for which he sought indemnification, and that he only disclosed materials relating to corporate governance associated with the whistleblower complaint and his duties as CFO. (Klein Decl. ¶ 10 (Dkt. No. 130).) Plaintiff states that the scope of his waiver should be construed narrowly.

When a privilege is waived, its scope extends to all communications on the same subject matter. When considering the subject matter of a waiver, courts weigh the circumstances of the disclosure, the nature of the legal advice sought, and the prejudice to the parties of permitting or prohibiting further disclosures. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008). For guidance on the scope of waiver, the Court turns to *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18 (9th Cir. 1981). In that case, a mutual fund had disclosed a) advice from its counsel about where to register and b) a letter from in-house counsel to outside counsel suggesting that the fund register in certain states. The fund then asserted attorney-client privilege and refused to respond to requests relating to advice given to the fund by outside counsel regarding registration pursuant to state Blue Sky laws. *Id.* at 23. The Ninth Circuit found that the fund had waived the attorney-client privilege "only as to communications about the matter actually disclosed namely, the substance of Blue Sky counsel's advice regarding registration of Fund shares pursuant to the Blue Sky laws of the various states." *Id.* at 25. It was only over the *precise* subject matter of the disclosure that the court found privilege had been waived.

ORDER
PAGE - 3

Where the Ninth Circuit's scope for waiver was narrow, Defendants' is broad. Defendants' position is that even limited disclosures about certain aspects of Plaintiff's employment amount to a waiver of privilege for all communications relating to his employment. (Mot. 11 (Dkt. No. 103).) The Court does not agree. Plaintiff chose to release a limited and discrete set of information, and there is no reason to construe these disclosures as a blanket waiver of privilege. Other than the limited substance of his disclosures, Plaintiff's communications with his attorneys concerning general employment matters are privileged. Defendants' motion is DENIED.

### B. Motion to Compel Responses to Interrogatories

Defendants claim that Plaintiff's responses to Interrogatories 15 and 16 are inadequate and should provide more specific and wider-ranging detail. (Dkt. No. 110.) Upon review of Plaintiff's responses, the Court finds that Defendants protestations are without merit. The rules of civil procedure are not to be construed in a way that would "require plaintiff to provide the equivalent of a narrative or otherwise detailed account of her entire case in chief, together with identification of virtually all supporting evidence for each fact." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997). Defendants' motion is DENIED. (Dkt. No. 110.)

### C. Motion to Extend Time for Disclosure of Expert Report

Plaintiff requests that the Court extend the deadline to disclose expert reports by two weeks. (Dkt. No. 141.) By the time Plaintiff filed his reply brief eight days later, the report had been disclosed. (Reply 1 (Dkt. No. 158).) Defendants argue that the delay is unjustified and harmful. (Resp. 5 (Dkt. No. 151).) With respect to justification, Plaintiff's explanations of his expert's unavailability are satisfactory. With respect to harm, in cases cited by Defendants to establish harm, the delay was far longer than in this case. *See Northwest Pipeline Corp. v. Ross*, 2008 U.S. Dist. LEXIS 32984, *29–30 (W.D. Wash. Apr. 11, 2008) (noting a delay of eight months in disclosing an expert report). The Court finds that an extension of the deadline

is warranted, and GRANTS the Plaintiff's motion pursuant to FRCP 26(a)(2)(C). (Dkt. No. 141.)

### D. Motion for Continuance and to Strike

Plaintiff also moved for a continuance pursuant to FRCP 56(f) and to strike Defendants' summary judgment motions pursuant to LR 7(e)(3). (Dkt. No. 143.) Plaintiff now withdraws his motion for continuance (Dkt. No. 155), but his motion to strike survives. Local Rule 7(e)(3) states: "Motions for summary judgment . . . shall not exceed twenty-four pages. . . . The filing of multiple dispositive motions to avoid the page limits of this rule is strongly discouraged and successive motions may be stricken." On October 12, 2010, Defendants filed three successive motions for summary judgment, totaling fifty-seven substantive pages. (Dkt. Nos. 133, 136 & 137.) These filings are excessive and unjustified. Defendants are warned that the Court's patience is dwindling.

## III. CONCLUSION

Defendants' motions to compel are DENIED. (Dkt. Nos. 103 & 110.) Defendants' motions to seal (Dkt. No. 95 & 101) and Plaintiff's motion to seal (Dkt. No. 117) are GRANTED. Plaintiff's motion for extension of time is GRANTED. (Dkt. No. 141.) Plaintiff's motion for continuance is STRICKEN. (Dkt. No. 143.) Defendants' motions for summary judgment are STRICKEN. (Dkt. Nos. 133, 136 & 137.) Defendants are DIRECTED to file no more than one motion for summary judgment, not to exceed twenty-four pages.

DATED this 27th day of October, 2010.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE